**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| PAMELA RAE BENJAMAN, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 4:22-CV-00083-ALM-CAN |
| | § | |
| COMMISSIONER, SSA, | § | |
| | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff Pamela Rae Benjaman brings this appeal for judicial review of the final decision of the Commissioner of Social Security ("Commissioner") pursuant to 42 U.S.C. § 405(g), denying her claim for benefits. After reviewing the Briefs submitted by the Parties, as well as the evidence contained in the administrative record, the Court recommends that the Commissioner's decision be **REMANDED**.

**RELEVANT HISTORY OF THE CASE**

On October 18, 2019, Plaintiff Pamela Rae Benjaman ("Plaintiff") protectively filed an application for disability insurance benefits under Title II ("Title II") of the Social Security Act [TR 367]. Plaintiff alleged an onset of disability date of June 5, 2019 [TR 368]. Plaintiff was born on November 19, 1967 [TR 367] and was considered an individual "closely approaching advanced age," for the duration of her claim. *See* 20 C.F.R. § 404.1563. Plaintiff has a college degree [TR 404] and her Disability Report reflects the following information regarding her job history: "accounts receivable/payable; administrative assistant; factory work; field representatives; new accounts; players club; records clerk/office manager; stocking; teller/new accounts/loans" [TR 405; 416]. Plaintiff's Work History Report provides additional information regarding her job

history: "receptionist/administrative assistant – January 2017 to June 2019; stocker/overnight assembly associate – December 2015 to March 2016; collection/accounting reconciliation specialist – March 2014 to June 2014; players club associate/marketing coordinator – December 2012 to August 2013; case manager/field service – January 2012 to May 2012; records clerk/business office manager – July 2008 to December 2009; office manager – do not remember" [TR 453]. The job described as "factory work" corresponds to the "collection/accounting reconciliation specialist" position described in Plaintiff's Work History Report [TR 257]. For this position, Plaintiff details that she "sat at a computer all day – calculating, balancing, and processing spreadsheets to insure if payment was made to the collection company or the company we were collecting for" [TR 457]. Plaintiff advised she used machines, tools or equipment in this job, used technical knowledge or skills, and did writing; however, she did not lift or carry anything in this position, but did handle, grab and grasp large objects, reach, and write, type or handle small objects [TR 457].

On January 15, 2020, the claim was initially denied [TR 263-274], and again upon reconsideration on May 28, 2020 [TR 275-288]. Plaintiff requested an administrative hearing ("Hearing"), which was held February 11, 2021, before an Administrative Law Judge ("ALJ") [TR 234-262]. At Hearing, Plaintiff and Carmella Jennings, a vocational expert (hereinafter referred to as "VE") testified [TR 234-262]. Plaintiff's representative characterized her past relevant work as "a secretary" [TR 239] and Plaintiff also clarified her work history [TR 255-256]. The ALJ asked VE to classify "the work the Claimant described as follows, the administrative assistant job in 2017 to 2019, the factory work she described back in 2014, the work in the Player's Club at the casino in 2013, the field representative work in 2012, and the work in the records clerk, as a records clerk for the college in 2009" [TR 256-227]. As referenced earlier, at Hearing it was clarified that

the job entitled "factory work in 2014" in Plaintiff's Disability Report corresponds to the "collection/accounting reconciliation specialist" position described in Plaintiff's Work History Report [TR 258]. The ALJ at Hearing outlined that this "factory work" job performed at Global Receivable Solutions, Inc. was "consistent with collections work" and that she was "balancing accounts, working or calculating or making calculations" [TR 258]. VE explained that of the delineated jobs, four occupations could be identified and "some overlapped into other occupations" [TR 258]: (1) receptionist/bookkeeper, DOT Code 237.367-038, and SVP 4, generally and actually performed; (2) accounting clerk, DOT Code 216.482-010, SVP 5, generally and actually performed at sedentary level; (3) psychiatric aide, DOT Code 355.377-014, SVP 4, generally performed at the medium level, but actually performed at the light level; and (4) administrative clerk, DOT Code 219.362-010, SVP 4, generally and actually performed at the light level [TR 258-259]. The ALJ then asked the VE to consider the following hypotheticals,

> All right. I'd like you to consider an individual that is closely approaching advanced age, has at least a high school education, and past work consistent with that you've described for the Claimant. Further consider the individual would be limited to a range of light work but would be unable to stand or walk of what would be more than two hours in the course of an eight-hour workday. The individual would be unable to climb ladders, ropes, or scaffolds, no more than occasionally climb ramps or stairs, balance, stoop, knee, crouch, or crawl. Given those restrictions, would the individual be able to perform the required functions of the Claimant's past work?

[TR 259]. VE responded "the accounting clerk position" and "it's receptionist/bookkeeper" and "the others, obviously, precluded by the exertional limitation" [TR 259]. The ALJ modified the hypothetical to include that this same individual would need to elevate their legs at the waist level while sitting down to which VE responded that it would preclude Plaintiff's past relevant work as an accounting clerk [TR 259-260]. The ALJ modified the hypothetical one more time, asking the VE to consider if an individual limited to attending to and carrying out routine repetitive tasks

REPORT AND RECOMMENDATION – PAGE 3

would be able to perform the claimant's past relevant work [TR 260]. VE responded affirmatively [TR 260].

On May 26, 2021, the ALJ issued an unfavorable decision [TR 216-233]. After hearing testimony and conducting a review of the facts of Plaintiff's case, the ALJ made the following sequential evaluation [TR 216-233]:[1] The ALJ concluded Plaintiff met the insured status requirements through December 31, 2023, and that Plaintiff had not engaged in substantial gainful activity since June 5, 2019, her alleged onset date [TR 222]. At step two, the ALJ found Plaintiff had the following severe impairments: lumbar degenerative disc disease with radiculopathy, diabetes mellitus, type II; and venous insufficiency of the bilateral lower extremities [TR 222]. At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526) [TR 223]. At step four, the ALJ determined Plaintiff had the following residual functional capacity:

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except the claimant can stand and walk for 2 hours. She cannot climb ladders, ropes, or scaffolds. The claimant can occasionally climb ramps or stairs, balance, stoop, kneel, crouch, and crawl.

---

[1] Pursuant to the statutory provisions governing disability determinations, the Commissioner has promulgated regulations that establish a five-step process to determine whether a claimant suffers from a disability. 20 C.F.R. § 404.1520. First, a claimant who is engaged in substantial gainful employment at the time of her disability claim is not disabled. *Id.* § 404.1520(b). Second, the claimant is not disabled if her alleged impairment is not severe, without consideration of her residual functional capacity, age, education, or work experience. *Id.* § 404.1520(c). Third, if the alleged impairment is severe, the claimant is considered disabled if her impairment corresponds to a listed impairment in 20 C.F.R., Part 404, Subpart P, Appendix 1. *Id.* § 404.1520(d). Fourth, a claimant with a severe impairment that does not correspond to a listed impairment is not considered to be disabled if she can perform her past work based on her residual functional capacity. *Id.* § 404.1520(e). Finally, a claimant who cannot return to her past work is not disabled if she has the residual functional capacity to engage in work available in the national economy. *Id.* § 404.1520(f). Under the first four steps of the analysis, the burden lies with the claimant to prove disability, and at the last step, the burden shifts to the Commissioner. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). If at any step the Commissioner finds that the claimant is or is not disabled, the inquiry terminates. *Id.*

[TR 224]. Continuing the step four analysis, the ALJ found Plaintiff was capable of performing past relevant work as a receptionist/bookkeeper and an accounting clerk [TR 228]. Relevant to this appeal, the ALJ provided the following explanation:

> [VE], the impartial vocational expert, identified the claimant's past work and characterized it in terms of exertional and skill level. [VE] testified that the claimant has past work as a receptionist/bookkeeper, DOT #237.367-038, which is semi-skilled, sedentary work; an accounting clerk, DOT #216.482-010, which is skilled, sedentary work; a psychiatric aide, DOT #355.377-014, which is semi-skilled, medium work performed at the light level; and an administrative clerk, DOT #219.362-010, which is semi-skilled, light work.
>
> **The undersigned has determined that the claimant's prior jobs are recent, within the past fifteen years, and of sufficient duration for the claimant to learn the requisite skills, and therefore qualify as past relevant work. SSR 82-62.** When provided with the above residual functional capacity assessment, [VE] testified that the claimant would be capable of performing her past relevant work as receptionist/bookkeeper and accounting clerk within the parameters provided by the undersigned.
>
> In comparing the claimant's residual functional capacity with the physical and mental demands of this work, the undersigned finds that the claimant is able to perform it as generally performed.

[TR 228 (emphasis added)]. Thus, the ALJ concluded Plaintiff was not under a disability as defined in the Social Security Act, at any time from June 5, 2019, the alleged onset date, through May 26, 2021, the date of this decision [TR 228].

On May 31, 2021, Plaintiff requested review of the ALJ's decision by the Appeals Council [TR 365-366]. The Appeals Council denied Plaintiff's request on December 7, 2021, making the decision of the ALJ the final decision of the Commissioner [TR 1-6]. On February 7, 2022, Plaintiff filed the instant suit [Dkt. 1]. Plaintiff filed her Opening Brief on June 20, 2022 [Dkt. 11], the Commissioner filed its Brief on August 23, 2022 [Dkt. 13], and Plaintiff filed her Reply Brief on August 30, 2022 [Dkts. 14; 16].

## STANDARD OF REVIEW

In an appeal under § 405(g), this Court must review the Commissioner's decision to determine whether there is substantial evidence in the record to support the Commissioner's factual findings and whether the Commissioner applied the proper legal standards in evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Cook v. Heckler*, 750 F.2d 391, 392 (5th Cir. 1985); *Jones v. Heckler*, 702 F.2d 616, 620 (5th Cir. 1983). This Court cannot reweigh the evidence or substitute its judgment for that of the Commissioner. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1995). Additionally, any conflicts in the evidence, including the medical evidence, are resolved by the ALJ, not the reviewing court. *Carry v. Heckler*, 750 F.2d 479, 484 (5th Cir. 1985).

The legal standard for determining disability under Titles II and XVI of the Act is whether the claimant is unable to perform substantial gainful activity for at least twelve months because of a medically determinable impairment. 42 U.S.C. §§ 423(d), 1382c(a)(3)(A); *see also Cook*, 750 F.2d at 393. "Substantial gainful activity" is determined by a five-step sequential evaluation process, as described above. 20 C.F.R. § 404.1520(a)(4).

## ANALYSIS

Plaintiff urges remand is appropriate in this cause and presents three (3) issues for review: (1) whether remand is required where the ALJ's decision depended upon improper findings regarding Plaintiff's past relevant work; (2) whether remand is required because the ALJ failed to include the mental limitations he found credible in the RFC finding or explain their omission; and (3) whether remand is required because the ALJ and the Appeals Council Judges were not properly appointed and thus had no legal authority to adjudicate this case [Dkt. 9 at 1]. Because the Court finds remand is appropriate on the first issue, the Court does not address the remaining arguments.

*Plaintiff's Past Relevant Work*

Plaintiff argues the ALJ's disability finding rests solely upon step four findings that Plaintiff could return to two (2) of her past jobs; specifically, her work as an accounting clerk and as a receptionist/bookkeeper. Plaintiff urges such reliance is in error given that Plaintiff's job as an accounting clerk did not qualify as "past relevant work" and her past work as a receptionist/bookkeeper constitutes a composite job.

*Accounting Clerk*

Plaintiff argues the ALJ improperly found her work as an accounting clerk constitutes past relevant work. To qualify as past relevant work, the job in question must have been performed with the last fifteen years, lasted long enough for the person to have learned how to do it, and must have been at substantial gainful activity level. 20 C.F.R. § 404.1565(a). All three prongs must be met in order to be considered past relevant work. Plaintiff specifically contends that she did not perform the job of accounting clerk long enough for it to be considered past relevant work. The record indicates that Plaintiff worked as an accounting clerk as Global Receivable Solutions from March 2014 to July 2014, approximately five months [TR 453, 457]. The VE testified that the job of accounting clerk was a sedentary position with a "specific vocational preparation" (SVP) level of 5 [TR 258]. The DOT defines SVP as "the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation." DOT, App. C: Components of the Definition Trailer (Rev. 4th ed. 1991). It goes on to explain that this training may be acquired in a number of situations, including school and experience in other jobs; it does not have to be acquired solely from on-the-job training. *Id*. An SVP of 5 reflects a position that takes "[o]ver 6 months up to and including 1 year to learn." 20 C.F.R. § 404.1566(d); *see also* DOT § 216.482-010. Thus,

Plaintiff asserts it is impossible for the ALJ to rely on her ability to return to this work to deny her claim for benefits. The Commissioner argues, conversely, that while Plaintiff only worked at this position for approximately five months, because an individual may satisfy SVP requirements from a number of other activities this fact does not preclude a finding that the job of accounting clerk was past relevant work [Dkt. 13 at 20].

"The decision as to whether the claimant retains the functional capacity to perform past work which has current relevance has far-reaching implications and must be developed and explained fully in the disability decision. Since this is an important and, in some instances, a controlling issue, every effort must be made to secure evidence that resolves the issue as clearly and explicitly as circumstances permit." SSR 82-62, 1982 WL 31386, at *3-4. "The inquiry here is whether the ALJ applied the correct legal standard and whether substantial evidence in the record as a whole supports the ALJ's decision." *Craven v. Berryhill*, No. 4:18-cv-00008, 2018 WL 4658530, at *5 (N.D. Tex. Sept. 11, 2018) (citing *Audler v. Astrue*, 501 F.3d 446, 447 (5th Cir. 2018)), *report and recommendation adopted*, No. 4:18-cv-00008, 2018 WL 4637285 (N.D. Tex. Sept. 27, 2018). The plaintiff bears the burden of proof at step four. *Barbara Kennedy v. Saul*, No. 3:18-cv-3349, 2020 WL 905414, at *4 (N.D. Tex. Feb. 25, 2020). "Although [the plaintiff] bears the burden at step 4, and even considering that an ALJ is not required to explicitly detail what evidence is considered in reaching his finding, the ALJ's analysis" must be sufficient to show whether the plaintiff carried the burden. *Stinnett v. Berryhill*, No. 4:16-cv-00252, 2017 WL 1403660, at *5 (N.D. Tex. Mar. 31, 2017), *report and recommendation adopted*, No. 4:16-cv-00252, 2017 WL 1382936 (N.D. Tex. Apr. 18, 2017). Merely asserting that the plaintiff worked long enough at one job without any explanation is insufficient. *Id.; Craven*, 2018 WL 4658530, at *5. A review of the record evidence, including the testimony at Hearing provides no basis for

the Court to find that Plaintiff's other activities or work experience would cause Plaintiff's work as an accounting clerk to meet all three required prongs.

Again, the ALJ provided the following findings in connection with Plaintiff's work as an accounting clerk:

> 6. The claimant is capable of performing past relevant work as a receptionist/bookkeeper and an accounting clerk. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).
>
> Ms. Jennings, the impartial vocational expert, identified the claimant's past work and characterized it in terms of exertional and skill level. Ms. Jennings testified that the claimant has past work as a receptionist/bookkeeper, DOT #237.367-038, which is semi-skilled, sedentary work; an accounting clerk, DOT #216.482-010, which is skilled, sedentary work; a psychiatric aide, DOT #355.377-014, which is semi-skilled, medium work performed at the light level; and an administrative clerk, DOT #219.362-010, which is semi-skilled, light work.
>
> The undersigned has determined that the claimant's prior jobs are recent, within the past fifteen years, and of sufficient duration for the claimant to learn the requisite skills, and therefore qualify as past relevant work. SSR 82-62. When provided with the above residual functional capacity assessment, Ms. Jennings testified that the claimant would be capable of performing her past relevant work as receptionist/bookkeeper and accounting clerk within the parameters provided by the undersigned.
>
> In comparing the claimant's residual functional capacity with the physical and mental demands of this work, the undersigned finds that the claimant is able to perform it as generally performed.

[TR 228]. The Court has reviewed the Hearing transcript in its entirety. The VE did not testify as to whether Plaintiff worked a sufficient amount of time to adequately "learn the techniques, acquire the information, and develop the facility needed for average performance" in an accounting clerk position [TR 258-259]. Indeed, there is no mention in the VE's testimony about prior work experience or education preparing her for this or any other job. The VE's testimony cannot be used as substantial evidence. *Craven*, 2018 WL 4658530, at *6 (where the VE did not testify to whether claimant had worked for a sufficient amount of time to adequately learn the skills of the

occupation, it cannot be used as substantial evidence); *compare McClintock v. Astrue*, No. 4:10-cv-745, 2011 WL 3702156, at *8 (N.D. Tex. Aug. 4, 2011) (substantial evidence supported ALJ decision that claimant could perform past relevant work where VE specifically testified that she was able to with her previous work experience), *report and recommendation adopted*, No. 4:10-cv-745, 2011 WL 3702044 (N.D. Tex. Aug. 22, 2011).

As to the argument that the ALJ took into account the Plaintiff's education and past experience information contained in the record to find Plaintiff meets the SVP 5 requirement, "the ALJ made no such finding in his decision nor was it discussed at the hearing." *Craven*, 2018 WL 4658530, at *6. Indeed, the ALJ did not provide any reasoning as to how Plaintiff reached the level of training required, instead stating in conclusory fashion that Plaintiff's prior jobs were of sufficient duration to learn the requisite skills. Plaintiff's prior job of accounting clerk was not of sufficient duration to meet the third required prong, and, to reiterate, the ALJ did not state he was relying on Plaintiff's education or other experience to meet duration or explain, in any manner, how he came to this conclusion. Nor did he proffer any reliable publications, information obtained directly from employers, or any personal experience and/or expertise that he was relying on in making this determination. Substantial evidence does not support that Plaintiff could return to "past relevant work" as an accounting clerk.

### *Receptionist/Bookkeeper*

Plaintiff further argues that the ALJ also could not rely on her past work as a receptionist/bookkeeper at step four because that position constitutes a composite job [Dkt. 11 at 6]. Plaintiff urges that specific guidance from the SSA addresses this issue: "[a] composite job does not have a DOT counterpart, so do not evaluate it at the part of step 4 considering work 'as generally performed in the national economy.'" Program Operations Manual System ("POMS")

DI 25005.020(B), 2011 WL 4753471.[2] Accordingly, Plaintiff argues her ability to perform past relevant work at step four should have been determined based on how Plaintiff's past relevant work was actually performed, not how it was generally performed in the national economy.

By way of reminder, the ALJ asked VE to classify the following previous employment by Plaintiff: (1) the administrative assistant job in 2017 to 2019, (2) the factory work she described back in 2014, (3) the work in the Player's Club at the casino in 2013, (4) the field representative work in 2012, and (5) as a records clerk for the college in 2009 [TR 256-227]. VE testified that of the delineated jobs, four occupations could be identified and "some overlapped into other occupations" [TR 258]: (1) receptionist/bookkeeper, DOT Code 237.367-038, and SVP 4, generally and actually performed; (2) accounting clerk, DOT Code 216.482-010, SVP 5, generally and actually performed at sedentary level; (3) psychiatric aide, DOT Code 355.377-014, SVP 4, generally performed at the medium level, but actually performed at the light level; and (4) administrative clerk, DOT Code 219.362-010, SVP 4, generally and actually performed at the light level [TR 258-259]. Based on discussion between VE and the ALJ during her testimony, and by agreement of the Parties, it is undisputed that the occupation of accounting clerk relates to Plaintiff's "factory work" in 2014. Plaintiff's "field representative work" in 2012 relates to the occupation of psychiatric aide because VE testified, "Okay. And for the field rep., it looks like it would be psychiatric aide" [TR 258]. The VE's testimony and the ALJ's opinion are not clear in delineating which specific past jobs Plaintiff performed that relate to the identified occupations of receptionist/bookkeeper and administrative clerk. The VE did not expressly testify that any of

---

[2] "While POMS guidelines do not have the force and effect of law, they do have some value, effect, and persuasive force. 1 Soc. Sec. Law & Prac. § 1:27." *Bettery v. Comm'r*, No. 14-03321, 2015 WL 4742296, at *8 n.9 (W.D. La. Aug. 10, 2015). "POMS are not binding on the Commissioner, but they may be viewed as binding on an ALJ in a case that falls squarely within one of the provisions." *Id*. A court generally defers to POMS provisions unless it determines that they are arbitrary, capricious, or contrary to law. *Id*.; *see also Craig v. Berryhill*, No. 17-1715-EWD (CONSENT), 2019 WL 1387696, at *6 (M.D. La. Mar. 27, 2019) (same).

Plaintiff's past jobs were or were not composite jobs. However, the VE did expressly testify that the occupations identified from Plaintiff's past work "overlapped".

"A composite job is one that has 'significant elements of two or more occupations and, as such, [has] no counterpart in the [Dictionary of Occupational Titles ("DOT")].'" *Smith v Comm'r*, 743 F. App'x 951, 954 (11th Cir. 2018) (quoting SSR 82-61 at *2). "Past relevant work may qualify as a composite job 'if it takes multiple DOT occupations to locate the main duties of the [past relevant work] as described by the claimant.'" *Id*. (citing POMS DI 25005.020). If past relevant work constitutes a composite job, "the ALJ must consider the particular facts of the individual case to consider whether the claimant can perform h[er] previous work as actually performed." SSR 82-61, 1982 WL 31387, at *2 ("Such situations [involving composite jobs] will be evaluated according to the particular facts of each individual case."). Adequate evidence exists in the record to merit consideration of Plaintiff's argument that her past relevant work was a composite job. The VE explained that Plaintiff's past work fell into multiple overlapping occupations. However, the ALJ made no finding regarding whether any of Plaintiff's past relevant work was a composite job, nor did the ALJ distinguish between whether Plaintiff could perform her past relevant work as it was actually performed or as it was generally performed. Without this clarification, the Court is left guessing at the ALJ's rationale and is unable to determine whether the ALJ correctly proceeded at step four. *See Gregory v. Astrue*, No. 5:07-cv-19-Oc-GRJ, 2008 WL 4372840, at *7 (M.D. Fla. Sept. 24, 2008) ("[T]he ALJ's decision and the record read together is so ambiguous that the Court simply is unable to make meaningful review as to whether Plaintiff's job as a hairstylist/electrologist is or is not a composite job.").

"Accordingly, this case should be remanded to the Commissioner for more detailed factual analysis and further consideration on this point. *Craven*, 2018 WL 4658530, at *6; *Burkhart v.*

*Saul*, No. 2:20-cv-155, 2021 WL 1427676, at *4 (S.D. Tex. Apr. 15, 2021) (remanding where ALJ failed to make factual findings supported by substantial evidence on plaintiff's past relevant work).

## CONCLUSION AND RECOMMENDATION

Accordingly, the Court recommends the Commissioner's decision be **REMANDED** to the Commissioner of Social Security for further proceedings consistent with this opinion.[3]

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 10th day of January, 2023.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE

---

[3] By remanding this case for further administrative proceedings, the Court does not suggest in any way that Plaintiff is or should be found disabled.

REPORT AND RECOMMENDATION – PAGE 13